UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WASHINGTON PENN PLASTIC COMPANY, INC., | ) ) ) | CASE NO.  5:06CV1224 |
| Plaintiff, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION |
| CREATIVE ENGINEERED POLYMER PRODUCTS, LLC, et al., | ) ) ) | AND ORDER |
| Defendant. | ) | |

By its amended complaint, Plaintiff Washington Penn Plastic Company alleges a breach of fiduciary duty against Defendants Richard Mark Hamlin, Jr., and James D. Van Tiem and aiding and abetting the breach of fiduciary duty against The Reserve Group Management Company. Doc. 26.  Defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and then moved for summary judgment.  Docs. 28 and 34.  The issues have been fully briefed.  This Court hereby **GRANTS** Defendants' motion for summary judgment.[1]

---

[1] Because this Memorandum Opinion and Order resolves this case in its entirety, it disposes of Defendants' Motion to Dismiss Amended Complaint (Doc. 28), as well as Defendants' Motion to Strike (Doc. 41).  The basis for the Court's decision made it unnecessary for the Court to either consider the complained-of exhibits or directly address the motion to strike.

*History*

As alleged in the amended complaint, the facts of the case are these: In February 2006, Washington Penn entered into a contract with Creative Engineered Polymer Products, Inc., whereby Creative Engineered would purchase from Washington Penn polymer resins over a two-year period. First Amended Complaint ("Complaint") (Doc. 26) at 2-3. Creative Engineered failed to pay Washington Penn in full for the resin delivered; Creative Engineered then filed for bankruptcy protection. *Id.* 5. Hamlin and Van Tiem were directors and officers of Creative Engineered at the time the contract was entered into, as well as directors and officers of The Reserve Group Management Company, a company that acted as Creative Engineered's financial officer. *Id.* 6-8. Washington Penn contends that Hamlin and Van Tiem owed and then breached a fiduciary duty to Washington Penn as a result of their status as directors and officers of Creative Engineered; Washington Penn further contends that Reserve Group aided and abetted Hamlin and Van Tiem in the alleged breach. *Id.* 6-7, 9.

Defendants moved for summary judgment, arguing (among other points) that Hamlin and Van Tiem owed no fiduciary duty to Creative Engineered's creditors, and that Washington Penn lacked standing to raise such a claim; they further argued that Washington Penn's claim for aiding and abetting against Reserve Group must fail for the same reason, as well as for the reason that Ohio law does not recognize a claim for aiding and abetting a breach of a fiduciary duty. Memorandum in Support of Defendants' Motion for Summary Judgment Against Washington Penn Plastic Company, Inc. (Doc. 35) at i. Judgment for Defendants on each of Washington Penn's claims is appropriate, although not solely on the bases offered by Defendants.

*Legal Analysis*

**Summary Judgment Standard of Decision**

This Court's consideration of the motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Id.*  The party opposing a motion for summary judgment made according to rule "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The consequences for failing to set forth such specific facts can be severe.  "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  *Id.*

The Supreme Court clarified that the entry of summary judgment is not a disfavored procedural shortcut, but instead is mandated by "the plain language of Rule 56(c) . . . after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party's burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  The party opposing a motion for summary judgment may do so with "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  *Id.* at 324.  The nonmoving party's showing must be of more than a "metaphysical doubt as to the material

facts," *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, the nonmoving party "must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

**Fiduciary Duty**

Washington Penn argues that Hamlin and Van Tiem owed a fiduciary duty to Washington Penn as a creditor of Creative Engineered.  In fact, they had no such duty.

The duties owed by directors and officers of an Ohio corporation to various entities are laid out in Ohio Rev. Code § 1701.59(E):

> For purposes of this section, a director, in determining what the director reasonably believes to be in the best interests of the corporation, shall consider the interests of the corporation's shareholders and, in the director's discretion, may consider any of the following:
>
> (1) The interests of the corporation's employees, suppliers, creditors, and customers;
>
> (2) The economy of the state and nation;
>
> (3) Community and societal considerations;
>
> (4) The long-term as well as short-term interests of the corporation and its shareholders, including the possibility that these interests may be best served by the continued independence of the corporation.

*Id.*  While a director *shall* consider the interests of the shareholders, a director *may* consider the interests of the corporation's creditors – the consideration of the interests of the creditors is permissive, not mandatory.  *In re: Amcast Indus. Corp.*, 365 B.R. 91, 110 (Bankr. S.D. Ohio 2007).  The permissive language of the statute forecloses the contention that the directors' duty to the corporation's creditors is fiduciary in nature.  *See Official Comm. Of Unsecured Creditors*

*of PHD, Inc.*, Case No. 1:03CV2466, 2004 U.S. Dist. LEXIS 29406 *13, *15 (N.D. Ohio 2004) ("In short, Ohio Rev. Code § 1701.59(E) forecloses the Committee's claims that PHD's directors had a legal duty to consider the interests of creditors in carrying out their duties for the corporation.").

Washington Penn directs this Court's attention to the decision of *DeNune v. Consol. Capital of N. Am., Inc.*, 288 F. Supp. 2d 844 (N.D. Ohio 2003), in which the court declared, "Under long-standing Ohio law, the officers and directors of a corporation that is insolvent or is on the brink of insolvency owes a fiduciary duty to the corporation itself and to its creditors not to waste corporate assets which otherwise could be used to pay corporate debts." *Id.* at 859. Instead of citing to the Ohio statute, most recently amended in 2000, the *DeNune* court cited *Thomas v. Matthews*, 94 Ohio St. 32, 47 (Ohio 1916), as support for its position.

This Court is persuaded by the *In re: Amcast* court's balancing of Ohio law on this subject: "Ohio law respecting duties owed by directors to the corporate creditors cannot be discerned simply by reference to general statements contained in decisions rendered more than 80 years ago without consideration of intervening statutory enactments." *In re: Amcast*, 365 B.R. at 109. This Court must presume that the Ohio General Assembly meant what it said when it enacted § 1701.59(E) and find that, to the extent that Washington Penn was a creditor of Creative Engineered at the time in issue, Hamlin and Van Tiem, as Creative Engineered directors, did not owe Washington Penn a fiduciary duty in making their decisions regarding Creative Engineered.

Further, this Court is not convinced that Washington Penn actually was a creditor at the time referenced in Washington Penn's amended complaint. Washington Penn's amended complaint references events surrounding the formation of the contractual relationship between

itself and Creative Engineered, and what Hamlin and Van Tiem knew or should have known – as well as what Hamlin and Van Tiem did or should have done – at that time.  In the dispositive motion briefing, neither party discusses why it believes that Washington Penn was a creditor of Creative Engineered at the time Creative Engineered entered into the contract with Washington Penn.  At that time, according to the amended complaint, Creative Engineered owed Washington Penn nothing – no resin had been delivered; no invoice had been presented.  It appears that Washington Penn was not yet a creditor of Creative Engineered at the time of the complained-of actions.  The *DeNune* doctrine therefore does not apply here.

Hamlin and Van Tiem owed Washington Penn no fiduciary duty and therefore could not breach any such fiduciary duty.  Summary judgment for Hamlin and Van Tiem therefore is proper on this claim.[2]

**Aiding and Abetting Breach of Fiduciary Duty**

Washington Penn claims that The Reserve Group Management Company aided and abetted Hamlin and Van Tiem in breaching their fiduciary duty to Washington Penn.  This Court has found that Hamlin and Van Tiem owed Washington Penn no such duty.  For this reason, Washington Penn's claim against Reserve Group likewise must fail.  Summary judgment for Reserve Group therefore is proper on this claim.

---

[2] This decision does not leave Washington Penn without a remedy – as a creditor of Creative Engineered, which apparently now is insolvent – Washington Penn presumably may make its claim before the bankruptcy court, with Creative Engineered's other creditors.

*Conclusion*

    For the foregoing reasons, Defendants' motion for summary judgment hereby is **GRANTED**.

    **IT IS SO ORDERED.**


Dated:  August 30, 2007        *s/   Sara Lioi*
                **HONORABLE SARA LIOI**
                **UNITED STATES DISTRICT JUDGE**